UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 24-CR-80010-MD

**UNITED STATES**,

v.

**ELAINE ESCOE,**

    **Defendant**.

_____/

## UNITED STATES' RESPONSE TO THE DEFENDANT'S OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT

The Defendant objects to the $50,000 loss amount in this case because (1) "the loan application was denied" and (2) "there was no evidence adduced at trial that Ms. Escoe did not intend to repay the line of credit had the bank approved the application." ECF No. 58. The objection should be overruled because the Defendant introduced no evidence that she intended to pay back the loan, the Defendant's alleged good intentions are irrelevant to the offense, and an attempted crime remains a crime.

Bluevine, the loan processor, denied the Defendant's loan application because the Defendant committed fraud. This diligence in detecting the Defendant's fraud does not negate her fraud or intended loss. *See United States v. Simmons*, 76 F.4th 683, 688 (7th Cir. 2023) ("That the credit union sniffed out his efforts and denied his applications does not mean he lacked the intent to obtain all of the funds for which he applied. The court thus did not err when it concluded that Simmons intended to obtain each loan and that both should count toward his intended loss amount"). The credit line that the Defendant sought to obtain is the appropriate metric to determine loss. *See, e.g., United States v. Nosrati-Shamloo*, 255 F.3d 1290 (11th Cir. 2001) ("[T]he district

court commits no error when it determines the amount of intended loss based on the total line of credit the defendant could access, especially when the defendant presents no evidence of a contrary intent.").

Because the Defendant's loss amount is not an element of the crime, the Government need not prove it at trial. *See, e.g.*, *United States v. Fard*, No. 8:17-CR-131-T-33SPF, 2018 WL 4698463, at *2 (M.D. Fla. Oct. 1, 2018) ("While a lie about the nature of the bargain is a necessary element, there does not need to be a loss amount for a defendant to be convicted of wire fraud.") (citing *United States v. Near*, 708 Fed. App'x 590, 595–602 (11th Cir. 2017). Nevertheless, the Government did prove it at trial. And, because the Defendant sought to obtain a maximum credit line of $50,000, Probation correctly calculated the loss amount in this case as $50,000. The Defendant's speculative intent to make good on her deceit is irrelevant and unsupported by any evidence.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

BY:  /s/ Jonathan Bailyn
Jonathan R. Bailyn, AUSA
Court ID No. A5502602
500 South Australian Ave, 4th Floor
West Palm Beach, Florida 33401
Phone: (561) 209-1050
jonathan.bailyn@usdoj.gov