UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                      CASE NO. 24-CR-80010-DAMIAN

ELAINE ESCOE,

    Defendant.
_____/

## **SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD DEPARTURE AND DOWNWARD VARIANCE**

By and through the undersigned counsel, ELAINE ESCOE, the Defendant, also referred to as "Elaine" or "Ms. Escoe", hereby files this Sentencing Memorandum and Motion for a downward variance of the guideline range pursuant to § 18 U.S.C. § 3553(a).

## **SUMMARY OF THE SENTENCING ARGUMENT**

This Court should grant Ms. Escoe a downward departure pursuant to 18 U.S.C. § 3553(a).

- **The Court should sustain the defense objection to the 6-level enhancement due to an intended loss of $40,000 to $95,000 because there was no actual loss and no evidence that Ms. Escoe did not intend to repay the line of credit had it been issued.**
- **Ms. Escoe has a limited criminal history and is nonviolent, and the financial institution in question suffered no loss.**
- **Ms. Escoe complied with all pretrial release conditions and the Court's orders.**
- **The comparative sentences of the other individuals convicted of similar offenses with similar or greater loss amounts demonstrate that the requested sentence for Ms. Escoe is fair and within the public policy goals**

- **of the sentencing guidelines.**
- **Ms. Escoe enjoys support from a committed group of family and friends who will help her in her rehabilitation and redemption.**

I.   **BACKGROUND and PERSONAL HISTORY OF ELAINE ESCOE**

Elaine Escoe was born in St. Catherine, Jamaica, in 1984. She is the only child of Hartley Escoe and Toyce Bennett. Elain emigrated to the United States in 1993, first to Brooklyn, New York, and then to South Florida. Elaine grew up in a working-class household, with her mother, a retired transportation worker, and her stepfather, a self-employed handyman. Despite having older half-siblings, Elaine grew up as an only child in the home with her mother and stepfather.

Elaine graduated from Olympic High School in Boca Raton, FL, in 2001. She then studied at Lynn University, earning a bachelor's in psychology and a master's in financial evaluation. Elaine is divorced and has no children. Escoe's only prior arrest was for a controlled substance possession offense in 2019 in West Palm Beach. She received a withhold of adjudication and three years of reporting probation. She successfully completed her probation term early.

Elaine is a respectful and pleasant person with an agreeable personality, as evidenced by her conduct throughout the trial before your Honor. She has no history of drug or alcohol abuse. She has complied throughout her pretrial release and cooperated with her probation and presentence investigation officer. Ms. Escoe is generally healthy and has a positive disposition in life.

II.   **GUIDELINE CALCULATIONS**

The Guideline Calculations put forth in the PSR are incorrectly stated. The correct offense level should be 7.

### III. THE COURT SHOULD SUSTAIN THE DEFENSE OBJECTION TO THE 6-LEVEL ENHANCEMENT BECAUSE THERE WAS NO ACTUAL LOSS SUFFERED BY THE FINANCIAL INSTITUTION NAMED IN THE INDICTMENT

The PSI recommends, and the government seeks, pursuant to § 2B1.1(b)(1)(D), a special offense characteristic enhancement against Ms. Escoe of 6 levels based upon the theory that the intended loss was more than $40,000.00 but less than $95,000.00. Bluevine Financial denied the loan application. Ms. Escoe received no funds as a result of the fraudulent loan application, and no person or entity suffered any actual loss. Loss is not a complicated word or concept: one had something before an act and no longer has it because of that act. When a word has an ordinary meaning, its ordinary meaning should be applied. *See Bailey v. United* States, 516 U.S. 137, 145 (1995). In *United States v. Patel*, 19-CR-80181, Judge Ruiz faced a similar objection to the one raised by the defense in this case. Judge Ruiz reasoned that the trial court applies the traditional tools of statutory interpretation and ascertains the plain definition of loss when deciding between " intended " and "actual" loss. *ID* at 4. Judge Ruiz cited Webster's dictionary definition of "loss, " which refers to the act or fact of losing and a "decrease in amount, magnitude or degree". *Id*. However, as Judge Ruiz noted, none of these definitions leave room for considering "nonexistent" losses. *Id*. And that is precisely what we have here: a nonexistent loss suffered by Bluevine Financial. The PSI recommends, and the government seeks, a 6-level enhancement for a nonexistent loss based on the theory that the amount of the loan applied for by Ms. Escoe was in excess of $40,000. But the PSI does not take into consideration that the loan application was denied, the victim bank never extended any credit, and Ms. Escoe did not profit financially from this transaction. As Judge Ruiz noted, and as I implore this Court to accept, § 2B1.1 requires the sentencing court only to consider actual loss. *See Id*.

The conclusion reached by the *Patel* court is not an outlier in our district. In 16-CR-20965-Leonard, Judge Leonard, after trial, sustained the defense's *Patel* objection and

sentenced the defendant to 2 years of probation on Counts 1 and 2. *See* 16-CR-20965-Leonard at DE 329.  Judge Scola, in 22-CR-20170-RNS, sustained the defense *Patel's* objection related to intended versus actual loss and found that the appropriate consideration for the enhancement was "actual" loss.  Judge Cannon, in 23-CR-14022-Cannon, adopted the *Patel* reasoning in applying the actual loss instead of the intended loss as a sentencing enhancement. *See Id* at DE 53.  Judge Becerra also adopted the *Patel* reasoning and sustained the defense objection to an enhancement for intended loss versus actual loss in 24-CR-20062-JB.

## IV.    SENTENCING GUIDELINES

The 18 U.S.C. § 3553(a) factors should be considered when determining an appropriate sentence for Elaine Escoe. The Sentencing Reform Act made the mandatory guidelines advisory. *See United States v. Booker*, 125 S. Ct. 738 (2005). The sentencing court considers the guideline range but is permitted to tailor the sentencing in light of other statutory concerns. *Id.*  18. U.S.C. § 3553(a) governs federal sentencing and requires the court to "impose a sufficient sentence, but not greater than necessary, to comply with the purposes outlined in paragraph 2". The guidelines are a mere "starting point" of the court's sentencing calculus. *United States* v. *Machett*, 837 F.3d 1118, 1121 (11th Cir. 2016). Because the guidelines are not mandatory, the district court should not treat them as presumptively reasonable. *United States v. Davis*, 743 Fed. Appx. 718, 724 (11th Cir. 2018). The goal of the sentencing court should be to impose a sentence that is reasonable, meaning no greater than necessary, to achieve the objectives of the Sentencing Commission. *United States v. Lodignesky*, 619 Fed, Appx, 871 (11th Cir. 2015).

[space left intentionally blank]

## V.   BOOKER FACTORS

A. <u>Nature and Circumstances of the Offense</u>

Elaine Escoe was charged and convicted of one count of wire fraud. The crux of the allegations is that she filled out a line of credit application with falsified bank statements and income information. Bluevine Financial denied the loan application, and Ms. Escoe never received the funds. Bluevine suffered no loss because of this loan application. It is worth noting that there is no evidence that Ms. Escoe did not intend to repay this loan or did not intend to use it for legitimate business purposes. Ms. Escoe, in the actual application, made herself personally liable for the line of credit she sought from Bluevine. The trial testimony of the U.S. Attorney's office investigator indicated that Ms. Escoe's financial transactions included payments to other creditors, meaning that Ms. Escoe was paying her creditors. There was no evidence, even an inference, that had this loan been approved, Ms. Escoe would not have done the same as she did with her other creditors and repaid Bluevine according to their repayment terms. This offense, while a crime, is minor in nature, nonviolent, and had no adverse impact on anyone other than Ms. Escoe. The nonviolent nature of an offense is an appropriate consideration for the sentencing court. *United States v. Davis*, 458 F. 3d 505, 511-12 (6th Cir. 2006).

B. <u>Elaine Escoe's History, Characteristics, and Supportive Family</u>

The Court should consider Elaine Escoe's limited criminal history, background, and demeanor in imposing a just sentence pursuant to the policy objections in § 3553(a). Throughout her early years, Elaine was a good student who never got in trouble. After immigrating to the United States at 9, Elaine settled into life in Brooklyn and later South Florida. She attended high school and college in Palm Beach County. She graduated high school with a 3.8 GPA. She attended Lynn University and attained a bachelor's and master's degree. While Elaine has two older half-siblings, she was raised as an

USA v. Escoe<br>
CASE NO. 24-CR-80010-Damian<br>
Sentencing Memorandum

only child by her working-class mother in Palm Beach. Despite this, she still maintained a relationship with her older sister Toyce. They spent time together as children, and while distance has sent them in different directions, they still share a strong love and bond with each other.

  Elaine is also a reliable and compassionate friend to many. She has maintained strong relationships with a core group of women. They have supported each other in good times and in bad times. Her kind nature is evident to all those who know her. Her friend of 11 years, Stephanie Fraizer has this to say about her: "Elaine's caring nature extends beyond our friendship. She has always been willing to lend a hand to others in need and is deeply compassionate." <u>Affidavit of Stephanie Frazier-Glover</u>.

  Elaine's friend of over 20 years, Saiyda McDonald, writes: "I am confident that my dear friend deeply regrets her actions and is committed to making amends and learning from this experience. Elaine has expressed sincere remorse and determined to address any underlying issues that may have contributed to this incident." <u>Affidavit of Saiyda McDonald</u>.

[space left intentionally blank]

USA v. Escoe
CASE NO. 24-CR-80010-Damian
Sentencing Memorandum



Elaine with her mother          Elaine with her oldest friend, Saiyda McDonald

Federick Nixon says that Elaine "would give her all to others not thinking about herself, that is the kind of person she is-loyal to a fault. Affidavit of Frederick Nixon. Elaine's distance from her siblings and not growing up with a father negatively impacted her judgment. As she got older, she forgot that drive and ambition that allowed her to graduate from Lynn University with a bachelor's and master's degree. Her older sister acknowledges this much. She had this to say about her little sister Elaine: "

> over the years, my sister made some bad decisions in the past due to influences from relationships she has been involved in, some of which were abusive from her ex-husband and boyfriend…Elaine was not surrounded by good role models, and that's what my family and I can provide for her." Affidavit of Toyce Newsome.

Page 7 of 11

 

Elaine and her extended family in Jamaica.   Elaine and her older sister Toyce Newsome as children.

C. The need to avoid unwarranted sentencing disparities

Our district has an infinite list of individuals charged with loan fraud or other kinds of fraud. There have been thousands of sentences for similar conduct. While this is not an exhaustive list, it is essential to point out how individuals who were more culpable than Ms. Escoe or similarly situated to Ms. Escoe, some even with additional enhancements for special offense characteristics that Ms. Escoe does not have, and conspiracies resulted in far more loss than that of Ms. Escoe, were sentenced throughout the Southern District of Florida. It is well-settled law within our country that the sentencing court should avoid unwarranted sentencing disparities under § 3553(a)(6).

    a. <u>Yoanis Vertematti and Zaily Brito</u>

Vertematti and Brito were charged by information with conspiracy to commit bank fraud in violation of 178 USC § 371 in case number 23-20011-Moore. *See Id* at DE 1. The defendants caused altered and false bank statements on behalf of unqualified borrowers to be submitted to financial institutions to obtain loans to purchase and finance residential properties. See *Id* at 3. Over the course of the conspiracy, the defendants caused lenders to fund fraudulent mortgage loan applications in excess of $3 million. *See Id*. Both defendants were sentenced to a term of probation. *See Id* at DE 41 and 42.

    b. <u>Pamala Seymour</u>

Seymour was charged and convicted of conspiracy to commit health care fraud and wire fraud in case number 23-CR-14022-Seymour. The restitution was $1,312,857. After sustaining the Patel objection regarding "intended v. actual loss" and finding that the actual loss was the only applicable enhancement, Judge Cannon sentenced Seymour to a six-month imprisonment term followed by three years of supervised release.

    c. <u>Arielle Mansaw</u>

Arielle Mansaw was charged in a far-reaching conspiracy. She was convicted of one count of money laundering in violation of 18 U.S.C. 1956(h) in Case No. 22-CR-20369-CMA. Mansaw had a total offense level of 16. *See Id* at DE 30 at 11. Despite the conspiracy totaling over $20 million, Mansaw's total amount laundered was less than $550,00, less than the zero amount that Ms. Escoe received in the instant case. *Id* at 10. Mansaw faced a guideline range of 21-27 months and did not receive a § 5K1.1 substantial assistance variance. She was ultimately sentenced to four months of incarceration, followed by a period of home confinement and supervised release. *See Id* at DE 39.

    D. <u>The kinds of sentences available, guideline range, and the need for the sentence</u>

imposed

As the *Machett* court noted, the guideline range is a mere starting point in fashioning a just sentence. It is not presumptively reasonable. The Court must consider the other *Booker* factors in determining an appropriate sentence. Ms. Escoe, if the *Patel* objection is sustained, has an offense level of 7, with a guideline range of 0-6 months. If the objection is overruled, she has an offense level of 13, with a guideline range of 12-18 months. Even in the scenario with a guideline range of 12-18 months, there can be no justification to sentence Elaine Escoe, a nonviolent offender, where there was no actual loss suffered by the victim bank, to a term of imprisonment. A sentence of no incarceration is even more reasonable considering the comparative sentences in our jurisdiction for similar conduct. Most individuals similarly situated to Ms. Escoe's are sentenced to a probationary term. However, the objection should be sustained as the reasoning articulated by Judge Ruiz in *Patel* has been adopted by most judges in our district.

Furthermore, the court should not punish Ms. Escoe for exercising her constitutional right to a jury trial. She exercised that fundamental right, and it should have no consideration on the sentence that the Court imposes. Based on the *Booker* factors, the Court can fashion a sentence that promotes respect for the law and punishes Ms. Escoe according to the facts and circumstances of this case. A sentence of time served followed by a period of probation or home confinement followed by a period of supervision is more appropriate for this case. Ms. Escoe received no funds from Bluevine, and there is no evidence that she would not have paid the loan back had it been approved. Ms. Escoe lied on a loan application flagged and denied by the bank. Bluevine suffered no harm. The Court should consider this fact, along with the other *Booker* factors, and sentence Ms. Escoe to probation or home confinement.

### VII.   REQUEST FOR DOWNWARD VARIANCE AND REQUESTED SENTENCE

Based upon the foregoing facts and arguments and § 3553(a) factors, the

USA v. Escoe
CASE NO. 24-CR-80010-Damian
Sentencing Memorandum

undersigned requests a sentence below the statutory guidelines of credit for time served or home detention, followed by probation or period of supervised release.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on or before August 21, 2024, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day via the Notice or Electronic Filing transmission generated by CM.ECF to: Jonathan Bailyn, AUSA, Federal Justice Building, 99 N.E. Fourth Street, Miami, Florida 33132-2111.

Respectfully Submitted,

**The Kirlew Law Firm, PLLC**
2103 Coral Way | Suite 401
Miami, FL 33145
Email: brian@kirlewlawfirm.com
Tel: 305.521.0484 | Fax: 305.330.5436

By:_____

Brian Kirlew, Esq.
FL Bar No.: 0067218